Waterbury *v.* Russell.

ANNE P. WATERBURY *v.* JOHN R. RUSSELL.

1. PLEADING AND PRACTICE. *Charge to jury. Exception to.* No exception is required to be taken to the charge of the court below, further than to embody it in the record, and present it for revision in the Supreme Court.

Case cited: Weakley *v.* Pearce, 5 Heis., 424.

2. FRAUD. *Contracts. Representations. Warranty.* Representations made to influence the vendee in buying from the vendor, which were effective in accomplishing that object, are equivalent to a warranty, and the vendor is bound to answer for the breach; and this, whether innocently or fraudulently made.

Case cited: Hogg & Belcher *v.* Cardwell, 4 Sneed, 157.

3. SAME. *Same. Memorandum of sale. Representations.* Representations are in effect proposals to the contract, and the person who makes them is liable in damages, if they turn out to be untrue, although they may not be embodied in the written memorandum of sale.

See Hogg & Belcher *v.* Cardwell, 4 Sneed, 157.

---

FROM HAWKINS.

---

Appeal from the Circuit Court. JOSEPH M. LOGAN, Special Judge.

NETHERLAND, SHIELDS, FULKERSON, and C. R. VANCE for plaintiff.

JOHN A. MCKINNEY and JAS. F. EVANS for defendant.

FREEMAN, J., delivered the opinion of the court.

Plaintiff sued defendant for balance due for price of corn in sacks, sold and delivered to him in the

spring of 1861.   Defendant filed a plea for recoupment by way of damages, in which he alleged that he made a contract for the corn, which he was to receive from plaintiff if there was a tide in the river; that said corn was to be delivered to him as sound merchantable corn; that a portion of the sacks containing the corn at the time of the contract was stored in a crib, and a portion in a carriage-house; that he sampled that in the crib, and found that it was of the quality agreed upon, and as represented; that it was represented by plaintiff that the corn in the carriage-house was in as good condition as that in the crib, and upon this representation received; that said corn, when taken from the carriage-house, weighed, and delivered on the boat, was found to be badly damaged by heating, mould, and rust; that this fact was known to plaintiff and her agents, but was concealed from the defendant, said damage not appearing from the outside of the sacks; that on sending said corn to market it was found greatly damaged, and sold at a loss, etc., which he asks to have recouped or set-off against plaintiff's claim.

Plaintiff replied that she did not represent the corn in the carriage-house as No. 1, sound, merchantable corn; that it was not damaged when taken from the same; that the defendant took the said corn at his own risk, and no deception was practiced on him; and that there was no damage from any misrepresentation, etc.

On this replication issue was taken, and the case went to the jury, and they found in favor of the de-

fendant, assessing his damage, from which there is an appeal in error to this court.

Upon these pleadings, the fact of plaintiff having represented the corn as No. 1 merchantable corn is put in issue first, and second, whether the corn was damaged at the time it was taken from the house; third, whether the defendant took the corn at his own risk, which last proposition, however, is involved in the first, as to whether he took it on the faith of the representations made by plaintiff.

On looking at the testimony, the proof well warrants the jury in finding that such representations were substantially made, and that the corn was in the condition stated by the plea of defendant.

The case must be affirmed, unless there is error affecting the result in the charge of the court. However, a preliminary question is made that the bill of exceptions states that the charge was not excepted to at the trial, and for that reason no objection can be taken to it here.

This is an erroneous view of the question. No exception is required to be taken to the charge of the court below further than to embody it in the record, and present it for revision in this court. Such the rule laid down in the case of *Weakly, etc.,* v. *Pearce,* 5 Heis., 424, and we have no doubt of its correctness.

With reference to the question of misrepresentation of the character and condition of the article sold, the rules of the law are well stated in the case of *Hogg & Belcher* v. *Cardwell,* 4 Sneed, 157, substantially as

follows: That if they were made to influence the bargain, and did have that effect, they would be equiva-. lent to a warranty, and the vendor bound to answer for the breach. Whether they were made innocently or fraudulently could make no difference if an injury resulted to the purchaser, who relied on their truth, and made the trade on the faith of this correctness. The damage to the vendee in such cases does not depend on the motives of the vendor. Upon a careful scrutiny of the very elaborate charge of his honor, we find this principle substantially the rule given the jury for their guidance. It is true he has repeated the principle in various forms very unnecessarily, yet we can find no substantial misdirection on this question.

It is insisted that as there is shown to have been a memorandum of the terms of the trade reduced to writing, that this must alone be looked to, and no parol evidence of representations could be shown, and that said memorandum contained no warranty, therefore none could be shown outside of it.

In the case from which we have quoted above the very question here raised was presented, and the court held the party entitled to recoup his damages, the result of misrepresentation of the quality of the tobacco sold. The court say: " The fact that this was not inserted in the written contract can make no difference. It was not a part of the contract of sale, but the inducement to it. It was a distinct collateral matter on which liabilities arise that may be enforced." See p. 157.

This is conclusive of all the questions really pre-

sented in this case, and no other need be noticed. We are well satisfied with the verdict, and have no doubt that the justice of the case has been reached We therefore affirm the judgment.